UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALBERT JACKSON, JR., | : | |
| Plaintiff, | : | CIVIL CASE NUMBER: |
| v. | : | 3:15-cv-01767 (VLB) |
| GERALD VALLETTA, et al., | : | NOVEMBER 14, 2016 |
| Defendants. | : | |

## RULING ON MOTION FOR APPOINTMENT OF COUNSEL

The Plaintiff seeks appointment of counsel in this action pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the Plaintiff's motion is DENIED.

There is no constitutional right to counsel for litigants in civil cases; on the contrary, the United States Supreme Court has stated that the Sixth Amendment right to counsel only attaches when an accused defendant is threatened with the loss of personal liberty. *Lassiter v. Dep't of Soc. Servs. of Durham Cty., N.C.*, 452 U.S. 18, 26, (1981). Although the Supreme Court has never directly addressed whether a constitutional right to counsel exists in civil proceedings, Congress has conferred upon federal courts discretionary authority to appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e). The Second Circuit counsels against the routine appointment of counsel and reiterates the importance of requiring an indigent person to "pass the test of likely merit" before being appointed counsel. *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 173 (2d Cir. 1989); *see also Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 204 (2d Cir. 2003)

(cautioning against routine appointment of counsel); *Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997) (same).  The Court's Initial Review Order [Dkt. No. 8] establishes that Plaintiff has met this standard.

Courts must then conduct a case-by-case analysis to determine whether to appoint counsel.  *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986), *cert. denied*, 502 U.S. 986 (1991); *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 173-74.  In analyzing whether to exercise discretion to appoint counsel, the Court must apply the *Hodge* factors: (1) the movant's indigence, that is, his ability to afford a private attorney; (2) the movant's ability to secure private counsel; (3) the legal and factual merits of the movant's case; (4) the complexity of the issues raised by the case; (5) the movant's ability to investigate the case; and (6) the movant's ability to present the case.  802 U.S. at 60-61; *see also Jenkins v. Chem. Bank*, 721 F.2d 876, 880 (2d Cir. 1983); *Hendricks*, 114 F.3d at 392.

Upon finding indigence and diligence, the Court must assess the legal and factual merit of the movant's claims.  If the movant is indigent, has diligently sought counsel to no avail, and has not asserted frivolous or malicious claims, the Court should assess the remaining *Hodge* factors.  The Third Circuit has counseled that the plaintiff's ability to present the case him or herself is influenced by the plaintiff's conditions of confinement, language barriers, litigation experience, education, and other factors.  *Tabron v. Grace*, 6 F.3d 147, 156 (3d Cir. 1993.)  Appointed counsel may be warranted when the case will require testimony from expert witnesses.  *See Moore v. Mabus*, 976 F.2d 268, 272

(5th Cir. 1992) (finding appointed counsel warranted where indigent civil litigant's case required testimony from experts on HIV-AIDS management in prisons).  The Court may also appoint counsel under § 1915(d) at any point in the litigation and may do so *sua sponte*.  *See, e.g., Castillo v. Cook Cnty. Mail Room Dept.*, 990 F.2d 304, 307 (7th Cir. 1993) (ordering appointment of counsel *sua sponte*).

Here, Plaintiff has contacted the Inmates' Legal Aid Program ("ILAP"), which responded that while they were unable to represent Plaintiff, they do assist inmates in representing themselves.  [Dkt. No. 10, Ex. 1 at 1.]  ILAP emphasized their availability to assist with any "research or pleadings that you need assistance with that stem from your issues concerning conditions of confinement," and that Plaintiff should "not hesitate" to contact ILAP for help.  *Id*.  Plaintiff has not demonstrated that he will be unable to investigate and present his case without appointed counsel *even with* ILAP's assistance.  Without first utilizing ILAP's assistance and demonstrating to the Court it's insufficience, Plaintiff does not warrant counsel under *Hodge*.  Plaintiff's Motion to Appoint Counsel is accordingly DENIED.

IT IS SO ORDERED.

                /s/
        Vanessa L. Bryant
        United States District Judge

Order dated in Hartford, Connecticut on November 14, 2016.